DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| EDWIN FULLER,<br><br>          Plaintiff,<br><br>  v.<br><br>STATE OF WASHINGTON et al.,<br><br>          Defendants. | CASE NO. 3:20-CV-06057-BJR-DWC<br><br>REPORT AND RECOMMENDATION<br><br>NOTED FOR: MAY 7, 2021 |

      Plaintiff Edwin Fuller proceeding *pro se*, filed this civil rights complaint under 42 U.S.C. § 1983. Having reviewed and screened Plaintiff's Proposed Second Amended Complaint under 28 U.S.C. § 1915A, the Court concludes Plaintiff has failed to state a claim for which relief can be granted. Accordingly, the Court recommends the Proposed Second Amended Complaint be dismissed. The Court also recommends Plaintiff's Application to Procced *In Forma Pauperis* ("Motion to Proceed IFP", Dkt. 3) be denied without prejudice as moot.

## I. Background

Plaintiff, a pretrial detainee who is housed at the Clark County Jail, initiated this civil rights action on October 26, 2020. Dkt. 1. On December 4, 2020, the Court screened Plaintiff's Proposed Complaint and found it was deficient. *See* Dkt. 4. The Court ordered Plaintiff to correct the deficiencies in the Proposed Complaint by January 12, 2021. *Id*. On January 11, 2021, Plaintiff filed the Proposed Amended Complaint. Dkt. 5. On February 2, 2021, the Court again ordered Plaintiff to correct the deficiencies in the Proposed Amended Complaint on or before April 5, 2021. Dkt. 5, 6, 7, 8. On April 5, 2021, Plaintiff filed the Proposed Second Amended Complaint (hereinafter "Complaint"). Dkt. 10.

Plaintiff maintains Defendants violated his constitutional rights as a result of "discrimination…negligence, and mental and emotional distress…." Dkt. 10 at 5-6. Plaintiff alleges his rights under the Fifth and Fourteenth Amendments were violated. Dkt. 10 at 5. In the caption of the Complaint, Plaintiff names the "State of Washington, et al" as Defendants. Dkt. 10 at 1. In Section II of the Complaint providing Defendants' information, Plaintiff names Chuck E. Atkins, the Clark County Sheriff, as the only Defendant. Dkt. 10 at 3.

Plaintiff alleges on August 18, 2020, Clark County deputies transferred Plaintiff to Clark County Jail and on August 19, 2020, Plaintiff requested access to the law library and was denied. Dkt. 10 at 8. Plaintiff alleges an inmate affected with COVID-19 was transferred and the Clark County Jail was locked down for a two week quarantine. Dkt. 10. Plaintiff seeks monetary damages. Dkt. 10 at 17.

## II. Discussion

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

The Court is required to liberally construe pro se documents. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However, Federal Rule of Civil Procedure 8 requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (citations omitted).

To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *Arnold v. Int'l Bus. Machs. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981). A person subjects another to a deprivation of a constitutional right when committing an affirmative act, participating in another's affirmative act,

or omitting to perform an act which is legally required. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Sweeping conclusory allegations against an official are insufficient to state a claim for relief. *Leer*, 844 F.2d at 633.

### A. Defendant Atkins

Plaintiff alleges Defendant Atkins failed to supervise which "impeded" Plaintiff's civil rights between August 18, 2020 and October 27, 2020, when an inmate affected with COVID-19 was transferred and the Clark County Jail was locked down for a two week quarantine. Dkt. 10 at 13-15. Plaintiff alleges Defendant Atkins is "chief law enforcement officer" and he was negligent in his "everyday duties, practices[,] [and] conduct of the department's staff and employees[.]" Dkt. 10 at 13.

A person subjects another to a deprivation of a constitutional right when committing an affirmative act, participating in another's affirmative act, or omitting to perform an act which is legally required. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Sweeping conclusory allegations against an official are insufficient to state a claim for relief. *Leer*, 844 F.2d at 633. Further, a § 1983 suit cannot be based on vicarious liability alone but must allege the defendant's own conduct violated the plaintiff's civil rights. *City of Canton v. Harris*, 489 U.S. 378, 385-90 (1989).

Plaintiff's allegation that Defendant Atkins failed to supervise and was negligent does not meet this standard. Even though the Court had previously instructed Plaintiff he must do so, Plaintiff's Complaint still provides no explanation of how Defendant Atkins' actions violated his constitutional rights, and he does not explain what specific action Defendant Atkins took or failed to take which violated his rights. Absent such a link, Defendant Atkins cannot be held liable for the

conduct of Clark County Jail staff. *Taylor*, 880 F.2d at 1045. Plaintiff has failed to state a claim against Defendant Atkins upon which relief can be granted.

### B. Defendant State of Washington

Plaintiff names the State of Washington as a Defendant. Dkt. 10 at 1. Section § 1983 applies to the actions of "persons" acting under color of state law. However, a state is not a "person" and cannot be sued for damages or for injunctive relief. *See Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 (1997); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Plaintiff has failed to state a claim against Defendant State of Washington.

### C. Other individuals

Although Plaintiff refers to several other individuals, Judge Stahnke, Prosecuting Attorney Golik, Attorney Evansen, and Clark County employees Rich Bishop, B.M Schemeire, and Baldwin as "Defendants" in various other sections of the Complaint. *See* Dkt. 10. However, Plaintiff does not name these individuals in the caption, nor has he included them in the list of Defendants on the Court's form. *See* Dkt. 10 at 1; Section II ("Defendants' Information"). Plaintiff was previously advised he may not disperse the names or identifies of Defendants throughout the Complaint, but he must clearly list each Defendant in Section II of the Court's form under "Defendant Information." Dkt. 6 at 7 fn. 3. Thus, the Court does not find Plaintiff has properly named Judge Stahnke; Prosecuting Attorney Golik, Attorney Evansen, Bishop, Schemeire, and Baldwin as Defendants in his matter. *See* Dkt. 10. Nonetheless, even if Plaintiff had properly named these individuals as Defendants, Plaintiff has not stated a proper claim against any of them.

First, Judge Stahnke and Prosecuting Attorney Golik have immunity. "State judges are absolutely immune from liability for their judicial acts." *Briscoe v. LaHue*, 460 U.S. 325, 334 (1983). This is true "even when such acts are in excess of their jurisdiction, and are alleged to

have been done maliciously or corruptly." *Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978). Second, prosecutors are also entitled to absolute immunity from liability for damages under § 1983. *Imbler v. Pachtman*, 424 U.S. 409, 427 (1976). Prosecutorial immunity protects a prosecutor who "acts within his or her authority and in a quasi-judicial capacity." *Asheleman v. Pope*, 793 F.2d 1072, 1076 (9th Cir. 1986) (citing *Imbler*, 424 U.S. at 430-31). "Such immunity applies even if it leaves 'the genuinely wronged defendant without civil redress against a prosecutor whose malicious or dishonest action deprives him of liberty.'" *Id.* (quoting *Imbler*, 424 U.S. at 427). As Judge Stahnke and Mr. Golik have immunity, Plaintiff has failed to state a claim against them.

Second, Plaintiff references Maggie Evansen, his state court attorney, in this matter. Dkt. 10. Generally, private parties do not act under color of state law. *Price v. Hawaii*, 939 F.2d 702, 707–08 (9th Cir. 1991). A private individual's action may be "under color of state law" where there is "significant" state involvement in the action. *Franklin v. Fox*, 312 F.3d 423, 444 (9th Cir. 2002) (citation omitted). The Supreme Court has articulated four tests for determining whether a private individual's actions amount to state action: (1) the public function test; (2) the joint action test; (3) the state compulsion test; and (4) the governmental nexus test. *Id*. at 445. Satisfaction of any one test is sufficient to find state action, so long as no countervailing factor exists. *Lee v. Katz*, 276 F.3d 550, 554 (9th Cir. 2002). Plaintiff's allegations do not satisfy any of these four tests. Plaintiff has not alleged any state involvement in Ms. Evansen's actions. Because Plaintiff may not pursue actions against a private party absent facts showing how the private individual's actions amount to state action, Plaintiff fails to state a claim against Ms. Evansen.

Plaintiff further references Clark County employees Bishop, Schemeire, and Baldwin, alleging these three individuals violated Plaintiff's rights by depriving him of due process and equal protection "which was further exacerbated by the department's policies and procedures that fail to meet emergency standards to protect the health and mental stability of confined inmates…." Dkt. 10 at 14-15.  Plaintiff alleges Baldwin "racially demean[ed]" and "harassed" Plaintiff. Dkt. 10 at 12.  Here, Plaintiff has failed to allege facts showing how any constitutional violations were proximately caused by Schemeire, Bishop, and Baldwin. While Plaintiff recounts various legal standards and conclusions, he fails to clearly state any alleged wrong-doing of Schemeire, Baldwin, and Bishop. Dkt. 10. Plaintiff provides only generalized statements alleging Schemeire, Baldwin, and Bishop violated his constitutional rights, and he does not explain what specific actions Schemeire, Baldwin, or Bishop took or failed to take which violated his rights. To the extent he alleges Baldwin harassed him or was racially demeaning to Plaintiff, Plaintiff has not set forth any specific allegations or details which would constitute a constitutional violation. Therefore, Plaintiff has failed to state a claim against these three individuals. *See Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *Arnold*, 637 F.2d at 1355.

**D.  Leave to Amend**

The Ninth Circuit has "established that a pro se litigant bringing a civil rights suit must have an opportunity to amend the complaint to overcome deficiencies unless it is clear that they cannot be overcome by amendment." *Eldridge v. Block*, 832 F.2d 1132, 1135-36 (9th Cir. 1987). The Court finds Plaintiff has failed to allege facts sufficient to show Defendant Atkins and State of Washington are liable under § 1983. The Court provided Plaintiff with notice of the deficiencies in his claims. *See* Dkt. 6. As Plaintiff has been given leave to amend twice and has been instructed regarding the deficiencies of all his claims, the Court recommends Plaintiff not

REPORT AND RECOMMENDATION - 7

be again given leave to amend. *See Swearington v. California Dep't of Corr. & Rehab.*, 624 F. App'x 956, 959 (9th Cir. 2015) (finding the district court did not abuse its discretion in dismissing without leave to amend because the plaintiff did not cure the complaint's deficiencies despite the district court's specific instructions about how to do so); *see also Fid. Fin. Corp. v. Fed. Home Loan Bank of San Francisco,* 792 F.2d 1432, 1438 (9th Cir. 1986) ("The district court's discretion to deny leave to amend is particularly broad where the court has already given the plaintiff an opportunity to amend his complaint.").

### E. Conclusion

For the foregoing reasons, the Court finds Plaintiff has failed to a state claim against Defendants Atkins and State of Washington. Although Plaintiff has not properly named the other individuals referenced in his Complaint, to the extent he intended to name Judge Stahnke, Prosecuting Attorney Golik, Attorney Evansen, and Clark County employees Rich Bishop, B.M Schemeire, and Baldwin as Defendants, he has also failed to state a claim against these individuals.

After having been previously informed of the same deficiencies, Plaintiff has failed to cure them. Therefore, the Court recommends the Complaint be dismissed without leave to amend. The Court also recommends Plaintiff's Application to Procced *In Forma Pauperis* ("Motion to Proceed IFP," Dkt. 3) be denied without prejudice as moot.

1    Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil
2  Procedure, the parties shall have fourteen (14) days from service of this Report to file written
3  objections.  *See also* Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those
4  objections for purposes of appeal.  *Thomas v Arn*, 474 U.S. 140 (1985).  Accommodating the
5  time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on May
6  7, 2021, as noted in the caption.

8    Dated this 20th of April, 2021.

                                                                David W. Christel
                                                                United States Magistrate Judge