The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EDWIN FULLER,<br><br>    Plaintiff,<br><br>v.<br><br>STATE OF WASHINGTON, *et. al.*,<br><br>    Defendants | NO. 20-cv-6057-BJR-DWC<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING COMPLAINT** |

## I.  INTRODUCTION

This matter comes before the Court on a Report and Recommendation ("R&R") issued by Magistrate Judge David W. Christel, recommending dismissal of this case in its entirety. Having reviewed the R&R and the objections thereto, the remainder of the record in this matter and the relevant caselaw, the Court finds and rules as follows.

## II.  BACKGROUND

Plaintiff Edwin Fuller, a pretrial detainee proceeding *pro se*, filed a proposed complaint and an Application for Leave to Proceed *In Form Pauperis* on October 26, 2020. On December 4, 2020, Judge Christel issued an Order to Show Cause or Amend, noting that the original proposed complaint, attempting to state a number of civil rights claims under 42 U.S.C. § 1983, contained numerous fatal deficiencies. The Order directed Fuller to show cause why the matter

ORDER ADOPTING R&R AND
DISMISSING COMPLAINT
- 1

should not be dismissed, or to file an amended pleading for consideration. Fuller filed the first Proposed Amended Complaint on January 11, 2021. On February 2, 2021, Judge Christel issued a second Order to Show Cause, providing Plaintiff with another opportunity to correct certain legal and factual deficiencies in the pleading. This second Order stated that Fuller had again failed to allege facts necessary to support his civil rights claims. Fuller had also named certain defendants who have absolute immunity from suit; the State of Washington, which cannot be sued under 42 U.S.C. § 1983; and a private party, who was not alleged to have been acting under color of state law, among other deficiencies. Fuller was again ordered to file an amended pleading or face dismissal of his claims.

On April 5, 2021, Fuller filed a second amended proposed Complaint, the operative Complaint referred to herein. This Complaint explicitly names only Chuck E. Atkins, Clark County Sheriff, as Defendant, though it also alleges others violated Fuller's civil rights, and the caption includes "State of Washington" as a defendant. Dkt. 10 at 1, 3. Although the Complaint lacks detail, Fuller appears to be claiming that the public defender assigned to his case "failed to use ordinary legal skills," that the judge and prosecuting attorney conspired to deny him a fair and/or speedy trial; that he was denied access to the jail's law library; and that he was exposed to COVID-19 while incarcerated, although he does not allege he was infected. Plaintiff claims his rights under the Fifth and Fourteenth Amendments were violated, and seeks damages for claimed mental and emotional distress.

### III.   DISCUSSION

The Prison Litigation Reform Act of 1995 requires the Court to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a

governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id*. at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

As fully outlined in the R&R, the proposed Second Amended Complaint—Fuller's third opportunity to state claims upon which relief may be granted—fails to allege facts sufficient to support any of Fuller's claims. Although Fuller claims Defendant Atkins' failure to supervise resulted in a violation of Fuller's civil rights, the Complaint is devoid of any specific acts or omissions by Atkins that would support this assertion. As noted in both Orders to Show Cause and in the R&R, Fuller's claims against the State of Washington cannot proceed because a state is not a "person" and cannot be sued for damages or for injunctive relief. *See Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 (1997). Fuller's claims against others referenced in the Complaint (but not explicitly listed as defendants) also must be dismissed. While the Complaint states broadly that these individuals were negligent and violated Fuller's civil rights, it does not include any facts that would support claims against them. As noted, several of these putative defendants, in addition, either were not acting under color of state law, or are immune from suit.

Plaintiff's Objections to the R&R fails to address these core deficiencies. While Fuller takes the opportunity to name the defendants individually, he still fails to include specific allegations supporting his claims, and for the most part merely recites references to constitutional provisions and broad legal standards related to those claims. Even interpreting Fuller's *pro se*

ORDER ADOPTING R&R AND
DISMISSING COMPLAINT
- 3

complaint liberally, the Court concludes that the Plaintiff has failed to state any claims on which relief can be granted, despite multiple chances to do so. The Complaint must therefore be dismissed.

## IV.   CONCLUSION

The Court, having reviewed the Report and Recommendation of Magistrate Judge Christel, Plaintiff's Objections to that Report and Recommendation, and the remaining record, does hereby find and ORDER:

(1) The Court adopts the Report and Recommendation.

(2) The Proposed Second Amended Complaint is dismissed.

(3) Plaintiff's Application to Procced *In Forma Pauperis* (Dkt. 3) is denied without prejudice as moot.

(4) The Clerk is directed to send copies of this Order to Plaintiff and to the Hon. David W. Christel.

DATED this 4th day of January, 2022.

*Barbara J. Rothstein*
Barbara Jacobs Rothstein
U.S. District Court Judge